**SHAFFER-LEVERETT BOILER & MACH. CO. v. JOHNSON et al.**

No. 18059. Opinion Filed Sept. 18, 1928.

(Syllabus.)

**Mechanics' Liens—Syllabus Adopted.**

(The syllabus in the case of Charles Aldridge v. Irwin B. Johnson et al., 132 Okla. 257, 170 Pac. 322, this day decided, is adopted as the syllabus in this case.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Shaffer-Leverett Boiler & Machinery Company against Irwin B. Johnson et al. Demurrer of defendants Niven and Byrd to the plaintiff's petition sustained. Plaintiff appeals. Affirmed.

Owen & Davis, for plaintiff in error.

George T. Webster, for defendants in error.

BENNETT, C. Shaffer-Leverett Boiler & Machinery Company brought suit in the district court of Ottawa county, Okla., for the enforcement of a mechanic's lien upon certain real property owned by D. B. Niven. The defendants D. B. Niven and S. C. Byrd filed a demurrer to plaintiff's petition, which was sustained, and the plaintiff, refusing to plead further, brings the case here for review.

It will be observed that the defendants in this case are the same as the defendants in the case of Charles Aldridge v. Irwin B. Johnson et al., 132 Okla. 257, 270 Pac. 322, just decided by this court. The parties will be referred to in the order in which they appeared in the trial court. The plaintiff in this cause was represented by the same counsel who represented the plaintiff in cause No. 18058, and the same counsel who represented the defendants in the last-named cause are counsel for the defendants in this cause. The real estate upon which this lien is sought to be fastened in the two cases is identical, and the only difference in the two cases is that, in the case at bar, the amount sought to be recovered and made the basis of a lien by plaintiff is $639.65; representing an account between plaintiff and defendant Johnson for labor and materials furnished in the repair of a certain steam boiler, and the erection of a smokestack on the mining property referred to in each of the cases.

In each case, the same lease, the same contracts with reference to the assignment thereof, and the same contract for lease are involved; the real estate and personal property and improvements are the same and the exhibits attached to the petitions are the same in each case, and while the parties plaintiff are different, the essential material facts with reference to the making of the improvements and the furnishing of labor are not essentially different, except in amount and time and value.

Barring a preliminary statement of facts disclosing the differences indicated briefly herein, the briefs in the two cases are identical. The same contentions are made by the plaintiff, the same argument offered, and the same authorities relied upon. In fact, the wording of each brief, except as to the preliminary statement of fact, is identical in the two cases, and in the oral argument, it was stated that the decision in one case would and should be decisive of the other.

For these reasons, and upon the authority of Charles Aldridge v. Irwin B. Johnson et al., 132 Okla. 257, 270 Pac. 322, this day decided, the judgment of the trial court in sustaining the demurrer is affirmed.

TEEHEE, LEACH, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.